MILLS, Judge.
In this workers’ compensation appeal, Nelson contends that the deputy’s finding that his right to wage-loss benefits terminated as of 6 April 1982 was not supported by competent substantial evidence. We do not agree and affirm.
*1154 It is undisputed that on 16 October 1980, while employed by McKee, Nelson injured his shoulder; that he was treated by Drs. Sklenicker and Williamson; that he reached MMI on 1 October 1981; that he sustained a four percent physical impairment; that he was paid TTD benefits for the periods of 28 October 1980 through 2 February 1981 and 28 February 1981 through 9 September 1981; that his medical bills were paid by the employer/carrier (E/C); that on 6 April 1982, while employed by Buccaneer, he injured his back; that he was treated by Dr. Martinez; and that Dr. Martinez found no connection between the shoulder injury and the back injury.
Nelson stated that after recovering from the back injury in June 1982 he was forced to leave three jobs because of shoulder problems; however, Dr. Martinez found no disabling abnormalities. In fact, Dr. Martinez saw him in January 1983 and at that time he complained of back pain only.
The testimony of Nelson and Dr. Martinez was conflicting. The deputy resolved the conflict against Nelson. This was his function. We will not disturb the deputy’s finding because it was supported by competent substantial evidence.
Our decision in this case does not intend to cut off future wage loss claims which may be permitted by the act and not barred by the statute of limitations.
AFFIRMED.
McCORD, GUYTE P., Jr., (Ret), Associate Judge, concurs.
WENTWORTH, J., concurs with written opinion.